ALSO OF THE

# SUPERIOR COURT OF CINCINNATI,

## SPECIAL AND GENERAL TERMS.

(Superior Court of Cincinnati.)

August, 1898.

HENRY J. BRENNEN v. JENNIE E. CIST et al.

(1.) Where a court has jurisdiction of the subject matter of an action, and the form of action in which suit is brought, and the parties are before the court by proper process, its jurisdiction in a particular case brought in that form is not ousted by evidence showing that the action is misconceived and that some other action should be resorted to. That is simply good matter of defense. 4 O. S. 524.

(2.) While the judgment in the action brought might be erroneous, it is not void; and the jurisdiction is not ousted by the erroneous exercise of the power conferred. 6 O. S. 302.

(3.) Assuming, but not deciding, that a justice of the peace has no power to adjudicate concerning the termination of a lease, yet in an action of forcible detainer where the defense relied upon is the existence and continuance of such a lease, a judgment by the justice of the peace that such lease has terminated and that defendant is holding over his term, while erroneous, is not void because of any defect of jurisdiction.

(3.) The Superior Court of Cincinnati has no power conferred upon it to review the judgments of justices of the peace.

(4.) Where, however, it is sought to enjoin for want of jurisdiction a judgment of a justice of the peace, and the identical question involved was, or could have been, determined in a proceeding brought for leave to file a petition in error to the Court of Common Pleas, by the plaintiff here who was plaintiff in error there, the decisioin of said Court of Common Pleas will be binding and conclusive upon this court.

(5.) No provisions having been made for perpetuating the evidence of proceedings for leave to file such petitions in error and the judgment of the court thereon, the same may be proved by competent parol evidence.

DEMPSEY, J.

Plaintiff files his petition against the defendants, one of whom is a constable, praying for a perpetual injunction against the execution of a writ of restitution in a forcible detainer suit tried before Esq. Bloom of this city; the ground of the application is the alleged want of jurisdiction of the justice to entertain the action and render the judgment on which the writ is founded. The material allegation of the petition is that plaintiff was in possession of the disputed premises under a lease for two years from the principal defendants herein, which lease had some considerable time to run at the time of the judgment and writ. The term provided in the lease was for a period "of two years next ensuing from the 1st day of November, 1897, and to be fully and completely ended on the 31st day of October, 1899, or until the rent herein reserved shall remain unpaid for ten days after the same shall become due."

The rent reserved in the lease was $150.00 per month, payable in advance on the first day of each month. There was no general clause of forfeiture or right of re-entry for non-payment of rent.

There are numerous other averments as to the character, quality and value of personal property on the premises which the constable, of course, would have to move, but these averments go more to show he irreparable injury that may be done than they do to the main ground of the petition. This

[COPYRIGHT, 1899, BY CARL G. JAHN.]

main ground is that the justice had no jurisdiction in the premises, and that his judgment in the action is absolutely void. The answer of the defendants sets up their judgment and writ of restitution, and in addition the further facts that after the trial before the justice, the said defendant procured from the justice a bill of exceptions duly signed and allowed, and that on August 10th, 1898, be presented his petition in error, together with said bill of exceptions, to the common pleas court of this county, and asked leave from said court to file said petition in error, which leave was denied on August 12, 1898, and thereupon execution for restitution was issued. The defendants further allege that one of the issues in the case was whether or not the lease set forth in plaintiff's petition had been annulled by agreement of the parties and a new verbal lease made, and that the same was fully heard upon reversal by the common pleas. This case is now before this court on a motion to dissolve a temporary injunction heretofore granted herein. In support of this motion defendants filed the affidavits of Samuel Bloom, the justice of peace who tried the forcible detainer case; of Matt. Day, the stenographer who took the evidence in that case; of A. W. Goldsmith, of counsel for defendants, and of the Hon. Howard C. Hollister, the judge of the common pleas court before whom the application for leave to file the petition in error was argued. These affidavits which are full and specific, tend to show that on the trial before Esq. Bloom and a jury, there were three issues made: (1). That there had been a written lease made by principal defendants to the plaintiff for said premises for the period of two years from November 1st, 1897, *"or until the rent reserved shall remain unpaid for ten days after the same shall become due."* This *after the same shall become due"*. This issue involved the construction of the italicized clause. The second issue, was whether or not Brennen did not cancel this two years lease, and, his rent being reduced to $135.00, become a tenant from month to month. And the third issue involved the selling of intoxicating liquors on the premises on July 24th, 1898. In support of these issues various items of evidence were introduced by plaintiff, the defendant's counsel on his behalf introducing and standing upon the two years' lease aforesaid. A verdict and judgment went against Brennen, and bill of exceptions signed and allowed all as set forth in the answer. This bill of exceptions, with a petition in error, was presented to Judge Hollister, whose affidavit recites that said bill had attached to it a copy of the written lease, containing the italicized clause hereinbefore referred to, and that it also raised the further question whether this written lease had not been superseded by the new verbal arrangement for a monthly tenancy at less rent. Judge Hollister further deposes that the case was fully heard and considered by him; that

upon the record he found that by the terms of the written lease which provided "or until the rent reserved shall remain unpaid for ten days after the same shall become due," it being in evidence that the June and July rent had not been paid, there was no lease for any longer period than said ten days. Judge Hollister, also deposes that he found from the testimony that a new verbal arrangement had been entered into between the parties in May, 1898, by which the rental was to be from month to month, the rent to be reduced to $135.00 payable in advance, and that the rent for June and July, 1898, had not been paid. Accordingly, Judge Hollister denied leave to file the petition in error. The plaintiff files four affidavits in opposition to defendants. Three of these affidavits bear only upon the value of improvements made by Brennen at the alleged request of the defendants. The value of these affidavits is only to extend or elaborate his equitable right to relief if he in any measure lays a foundation as to his main ground of action; they can't help his case any unless there be something in the principal cause of his complaint. The fourth affidavit is by plaintiff himself. He avers that Squire Blooms' affidavit is wholly false and untrue; that he had no opportunity to make any defense before said Bloom; that the forcible entry proceeding were tricks and sham, etc.; he denies that he ever annulled his written lease; he denies that Judge Hollister fully heard the petition in error; he denies that Judge Hollister fully passed upon the question whether there was a lease or not. I have grouped these general averments and denials here for the purpose of saying that they are not sufficient as evidence or proof. They might be good as averments of ultimate fact in a pleading, but this court at the last general term held that affidavits being a species of evidence must contain full statements of evidential facts from which the court is to draw its conclusion as to the ultimate fact.

He further avers as to value of improvements made by him which, as has been said before, is not germane to the real issue in the case, and denies the validity of certain record evidence from Esq. Davies' court permitted to be introduced against him, which, if true, would only be error and not a jurisdictional defect, and then refers to a case he has against the defendants herein for damages which I think irrelevant to the issue herein. But there are two very serious averments in his affidavit, viz.: "That no complaint was ever filed before said magistrate by the parties or any person authorized for them"; and, "that the whole proceeding before the said magistrate is false and fraudulent, and the names of the parties were forged thereto." There is no question that it is essential to the magistrate's jurisdiction in forcible detainer that a complaint be filed,—sec. 6603, Revised Statutes,—and a forged complaint would be no complaint, and would in itself be sufficient cause to enjoin the judgment and ex-

cution if sought to be enforced. Whether or not there was a complaint, or whether it was forged or not, are questions of fact capable of proof, and it seems to me in the face of the admitted judgment and Judge Hollister's affidavit, that the burden is on the plaintiff herein.

Judge Hollister's affidavit sets forth that the original court papers of the justice of peace were attached to the bill of exceptions. Now, that bill of exceptions is in the possession and control of the plaintiff herein, or of his former counsel, the one who tried the petition in error proceedings—not plaintiff's present counsel. At my direction, counsel for defendants herein served written notice upon plaintiff to produce that paper; it was not forthcoming at the hearing of this motion. Defendants herein have no way to get a copy of it, for under the practice now, bills of exceptions are no longer transcribed on the justice's docket. The document being under the control of plaintiff, and no reasonable explanation being given for its non production, the presumptions will be in favor of the regularity and validity of all papers necessarily constituting a part of it, and hence the complaint will be presumed to have been filed and that it was a valid one. I am further strongly impressed that this is the right view to take of this particular question, for all of the affidavits of defendants herein show that the case was eagerly and earnestly contested before Judge Hollister, and I cannot bring myself to believe that so essential a point as the omission of a formal complaint, or the use of a forged complaint, would have been overlooked by the keen and energetic counsel who conducted the contest before Judge Hollister. This question of fact being disposed of, we then have the question broadly presented whether this court will, or has power now to stay the judgment and writ of restitution of the justice of peace.

The question must be answered in the negative. The law on this question seems to be very well settled in Ohio, as is shown in the cases of Aubrey v. Almy, 4 Ohio St., 524; Moore v. Robinson, 6 Ohio St., 305, and Petsch v. Mowry, 1 C. S. C., 36.

Justices of the peace have a general jurisdiction in forcible entry and detainer as against tenants holding over their terms; that jurisdiction is directly conferred by law; whether Brennen was holding over his term was a question of fact depending upon two contentions, viz., that he was only a monthly tenant, and, second, that his lease was to extend no longer than ten days after a default in rent. Both of these contentions were resolved against him, and as this court held in Silverman v. Grove, that resolution is binding upon us, and we cannot collaterally inquire into it. Neither could this court asume to review it by a proceeding in the nature of a writ of error or bill of review, for no such power is conferred upon the court, and it will not attempt to do indirectly that which it cannot do directly. Assuming that there might have been a question as to the justice of peace's jurisdiction to try the question of title involved in the alleged forfeiture of the lease, still this court is bound by the decision of Judge Hollister on that question. It is true that there is no record of that decision or judgment, but that is because of a defect in the statutes, for while they provide for the proceeding, the general assembly has failed to provide for the preservation of the evidence of the proceeding and its results.

This I think can be furnished by parol evidence as was done in this case, and when the decision or judgment of the court is furnished by satisfactory evidence, I think it is absolutely conclusive on all other courts.

The motion for dissolution of the injunction will be granted.

Shay & Cogan, for plaintiff.

Goldsmith & Hoadly, for defendant.